# VALENTINE SCHEID v. DIONIS RAPP.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 14, 1888—Decided October 1, 1888.

The covenant of a contractor for work and materials to be done and supplied for the erection of a building, that he will not suffer or permit any mechanics' lien or liens to be filed, is a waiver of the right to file or cause to be filed a claim for a lien in his own favor: Long v. Caffrey, 93 Pa. 526, followed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY and WILLIAMS, JJ., absent.

No. 87 July Term 1887, Sup. Ct.; court below, No. 72 September Term 1885, C. P.

On September 8, 1885, there was issued a scire facias sur mechanics' lien, filed by Dionis Rapp against Valentine Scheid. The defendant pleaded, " nil debet, payment, payment with leave, set-off, and no lien."

At the trial on January 25, 1887, the plaintiff read in evidence the claim, dated March 10, 1885, filed of record as a mechanics' lien the same day, wherein was claimed by the attached bill of particulars the sum of $3,310.77, due to the claimant for work done and materials furnished in the erection of a building, " under and in pursuance of a contract between the said D. Rapp and Valentine Scheid, dated March 3, 1884, for the erection of said building, a copy of which contract is hereto annexed and made part of this claim." The contract annexed to the claim read, contained the following provision :

And the said Dionis Rapp hereby for himself, his heirs, executors and administrators, [covenants] that he will not suffer or permit to be filed in the Court of Common Pleas of Lancaster county any mechanics' lien or liens against the said building for the period of six months after its completion.

The plaintiff was called as a witness in his own behalf.

The defendant objected to the reception of any evidence on the part of the plaintiff, as the contract, made a part of the claim, provided that no mechanics' lien should be filed.

By the court: This is not a case parallel with Long v. Caffery, 93 Pa. 526 ; objection overruled.[1]

The plaintiff then testified to facts immaterial upon the question here decided, when the defendant withdrew all his pleas except that of nil debet, and asked the court to charge the jury as follows :

By the contract entered into for the erection of the building, a copy of which is annexed to the claim filed, plaintiff agreed that no mechanics' lien should be entered against the said building, and he is therefore estopped from filing a lien, and cannot recover in this case. [3]

The court, PATTERSON, J., refused the defendant's point, and instructed the jury to return a verdict for the plaintiff for $478.27.

A verdict for the plaintiff having been returned as directed,

a rule for a new trial was subsequently discharged and judg- ment entered, when the defendant took this writ, assigning as error:

1. The admission of plaintiff's offer.[1]
3. The refusal of defendant's point.[3]

*Mr. Jno. A. Coyle* and *Mr. J. Hay Brown*, for the plaintiff in error:

The plaintiff covenanted that he would not suffer or permit any mechanics' lien or liens to be filed. A covenant must be construed most strongly against the covenantor, and when one covenants not to suffer or permit a thing to be done, he cove- nants not only against the acts of others, but against his own acts: Commonwealth v. Curtis, 9 Allen 271; Cowley v. The People, 83 N. Y. 471; Hobson v. Middleton, 6 B. & C. 295, 303; Selleck v. Selleck, 19 Conn. 505. What essential differ- ence can be found between the stipulation of this contract and that of Long v. Caffrey, 93 Pa. 526?

*Mr. B. F. Davis* and *Mr. S. H. Reynolds* (with them *Mr. W. H. Roland*), for the defendant in error:

The only case passed upon by this court that is parallel with the one at bar, so far as we have found, is Young v. Ly- man, 9 Pa. 449. In the contract in that case there was this clause: "All materials to be paid for, four months after the completion of the job, and Young to give security in $500 that no liens shall be entered on the houses." It was ruled, that the stipulation was that no other person, or sub-contractor, should file a lien, and that the lien filed by the contractor was valid. In Mubrey v. Barrow, 11 Allen 152, it was held that a lien might be enforced for labor performed under the employ- ment of one who agreed with the owner to erect the house, and to pay and discharge all claims for labor and materials furnished, so that there should be no liens upon the premises. And in all the cases, when it was stipulated that no liens should be filed, it has been held that, unless the agreement specifically included the contractor as a person who should not file a lien, as in Long v. Caffrey, 93 Pa. 526, the stipulation did not bind the contractor not to file a lien himself, but simply held him to prevent the filing of liens by material-men and sub-contractors.

OPINION, MR. JUSTICE STERRETT:

Plaintiff below agreed to erect and complete defendant's building, according to plans and specifications, by August 1, 1884, for $3,090, payable $300 every two weeks during the intervening five months. He also covenanted "for himself, his heirs, executors, and administrators, that he will not suffer or permit to be filed . . . . . any mechanics' lien or liens against the said building for the period of six months after its completion."

The sole question is whether the contractor by his covenant waived the right to file, or authorize a lien to be filed in his own favor. We think he did. While the phraseology of the stipulation is different from that in Long v. Caffrey, 93 Pa. 526, the legal effect of both is the same. The lien under consideration was necessarily filed by the plaintiff below himself, or by his sufferance or permission. In either case, it was as clearly a violation of his covenant as if he had suffered or permitted any mechanic or material-man to file a lien.

The defendant's point should have been affirmed, and a verdict directed in his favor.

Judgment reversed.