Statement of Facts.

## J. A. BOHEM v. J. M. SEABURY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued April 3, 1891—Decided April 13, 1891.

(*a*) A mechanics'-lien claim was filed by Bohem, successor to Geissinger
& Bohem, against Seabury as owner, for a portion only of work done
under an entire contract between Geissinger and Seabury, but with no
averment that the contractor had completed the contract, or had been
excused or prevented therefrom:

1. The claim as filed failing to aver performance of the entire contract
or any relief of the contractor therefrom, and, moreover, as there was
no assignment of the contract to the claimant the latter was a stranger
thereto, it was not error to strike the claim from the record as defective.

2. The fact that Geissinger, subsequent to the contract, entered into part-
nership with Bohem, and that the latter was the legal successor of said
firm, did not create a contract relation between him and Seabury, or au-
thorize him to file a lien for work done under a contract between Geis-
singer and Seabury.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 212 January Term 1891, Sup. Ct.; court below, No. 356
September Term 1890, M. L. D., C. P. No. 1.

On October 23, 1890, a mechanics'-lien claim was filed by
" Jacob A. Bohem, successor to Geissinger & Bohem," against
" James M. Seabury, owner or reputed owner and contractor,"
in the form following:

" Jacob A. Bohem, successor to Geissinger & Bohem, of No.
2406 Montgomery Avenue, Philadelphia, claims to have a lien
for the payment of $1,527.50 against all those eleven adjoining
three-story buildings and the lots of ground and curtilages ap-
purtenant to the same, situate . . . . . The said debt or sum
of $1,527.50 is the price or value of roofing, cornices, slating,
heater and range work, furnished by the claimant for and about
the erection and construction of the said adjoining buildings
within six months last past, to wit: . . . . of which said buildings
the said James M. Seabury was and is the owner or reputed

owner, and also the contractor and builder at whose instance and request the said work was done and the said material furnished, all of the said houses, adjoining each other as aforesaid, having been erected by the same owner ; . . . .

" And the said claimant hath apportioned the said sum of $1,527.50 among the said buildings, as follows : Against . . . . .

" And the said claimant, as a part of this, his claim, hath also attached hereto a contract (copy) made between the said James M. Scabury and Edward J. Geissinger, who was subsequently a member of the firm of Geissinger & Bohem, to which said firm this claimant is the legal successor."

To the foregoing claim was attached a bill of particulars, and also a copy of a contract under seal made by and between Edward J. Geissinger, cornice and metal roofer, " as the party contractor of the first part, hereinafter called the contractor," and James M. Seabury, " as the party of the second part, hereinafter called the proprietor," whereby it was agreed that the contractor, his heirs, executors, administrators or assigns, should furnish, etc., the galvanized cornices, tin-work and spouting, etc., etc., required in the erection and completion of eleven houses, for the full sum of $2,400, payable in a manner prescribed ;

" The final payment of twenty per cent to be paid when all the work has been fully and entirely finished, and all payments have been paid for [materials], and then by the contractor a sworn release of liens given, when the building is all complete and after the expiration of five days, and when all the drawings and specifications have been returned to the architects.

" Provided, that in each case of the said payments, a certificate shall be obtained by the contractor, from the clerk of the office where liens are recorded, and signed and sealed by said clerk, that he has carefully examined the records and finds no liens or claims recorded against said works, or on account of said contractor ; neither shall there be any legal or lawful claims against the contractor, in any manner, from any source whatever, for work or materials furnished on said work. . . . . The contractor shall not sub-let the work, or any part thereof, without consent in writing of the proprietor."

On November 15, 1890, on motion of defendant, a rule was granted to show cause why the said claim should not be stricken from the record ; and, on December 6, 1890, said rule was

Opinion of the Court

made absolute.*   Thereupon, the plaintiff took this appeal, specifying that "the court below erred in striking off the lien entered."

*Mr. E. F. Schively* (with him *Mr. Thomas R. Elcock*), for the appellant.

Counsel argued that the language of the contract was not within the rule of Schroeder v. Galland, 134 Pa. 277 ; Long v. Caffrey, 93 Pa. 526 ; Scheid v. Rapp, 121 Pa. 593.

*Mr. Charles A. Chase* and *Mr. Charles C. Lister*, for the appellee.

Counsel submitted a brief citing the cases referred to by the appellant, and urging moreover, that the claimant was a stranger to the contract under which he claimed to have the right to file a lien.

PER CURIAM:

The single assignment of error is that "the court below erred in striking off the lien entered."   This presents the question whether there was such a defect apparent upon the face of the record as justified the action of the court.   We think there was.

The claim was filed by " Jacob A. Bohem, successor to Geissinger & Bohem, against James M. Seabury, owner or reputed owner and contractor," under a special contract between Edward J. Geissinger, contractor, and James M. Seabury, as owner, for doing certain work, in and about the erection and construction of certain houses for the said Seabury.   It was an entire contract for the consideration of $2,400.   The lien was filed for a portion only of the work and materials referred to, amounting to $1,527.50 ; and there was no averment that he had completed the contract, or had been excused by the owner from doing so, or that the owner had prevented him from completing his contract.   In other words, the lien upon its face showed that the contractor had not finished his work as specified in the contract.   Prima facie, therefore, he was not en-

---

·* The paper-books filed did not show the grounds for the motion, nor the reasons for the order making the rule absolute.

titled to recover. There was nothing upon the face of the lien which showed any right of action; on the contrary, it showed the reverse.

Moreover, the plaintiff was a stranger to the contract, and has shown no right to avail himself of it in order to file a lien. The contract was with Geissinger, as before stated; the lien was filed by Bohem. There was no assignment of the contract; indeed, it was provided therein that " the contractor shall not sub-let the work, or any part thereof, without consent in writing of the proprietor." The averment in the claim that " the said claimant, as a part of this, his claim, hath also attached hereto a contract (copy) made between the said James M. Seabury and Edward J. Geissinger, who was subsequently a member of the firm of Geissinger & Bohem, to which said firm this claimant is the legal successor," does not help the matter, in our view of the case. The fact that Geissinger, subsequent to the contract, entered into partnership with Bohem and that the latter was the legal successor of said firm, does not create a contract relation with Seabury, or authorize him to file a lien under the contract between Geissinger and Seabury. This view renders it unnecessary to discuss the effect of the stipulation in the contract, in regard to the right of the contractor to file a lien, under the rulings in Long v. Caffrey, 93 Pa. 526; Scheid v. Rapp, 121 Pa. 593, and Schroeder v. Galland, 134 Pa. 277.

Judgment affirmed.