Wood, Appellant, *v.* United States Steel Corporation.

Argued October 10, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Samuel W. Pringle,* with him *John David Rhodes,* and *Dalzell, Pringle, Bredin & Martin,* for appellant.

*Ira R. Hill,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 21, 1955:

The appeal is from a judgment of the Court of Common Pleas of Allegheny County striking from the record a mechanic's lien filed by a subcontractor. It was ruled that the subcontractor had waived its right to file the lien.

On May 11, 1953, the United States Steel Corporation, defendant-appellee, entered into a written contract with Ferguson & Edmondson Company, its general contractor, for the erection of a structure on the premises of appellee in the Borough of North Braddock, Allegheny County. Under clause 6 of the agreement between the owner and contractor it is provided: "Contractor shall indemnify and save harmless Owner from any and all liens, claims, obligations or liabilities which may be asserted against Owner or its property by reason of or as a result of any acts or omissions of Contractor, his employees, representatives, licensees, or subcontractors, in connection with or related to the performance of this contract. . . ."

On May 29, 1953, the general contractor entered into a written contract with Wood Electrical Construction Co., plaintiff-appellant, for materials and labor to be furnished to the general contractor. The agreement provides, *inter alia:* "Section 5. The Contractor and Subcontractor agree to be bound by the terms of the Agreement, the General Conditions, Drawings and Specifications as far as applicable to this subcontract, and also by the following provisions: The Subcontractor

agrees—(a) To be bound to the Contractor by the terms of the Agreement, General Conditions, Drawings and Specifications, and to assume toward him all the obligations and responsibilities that he, by those documents, assumes toward the Owner. . . . The Contractor and the Subcontractor agree that— . . . Nothing in this article shall create any obligation on the part of the Owner to pay to or to see to the payment of any sums to any Subcontractor."

The appellant-subcontractor filed a mechanic's lien against the premises of the appellee-owner, under the Mechanics' Liens Act of June 4, 1901, P. L. 431, as amended, 49 PS 1 et seq. An agreement for an amicable *scire facias* in accordance with Section 32 of the Act, 49 PS 151, was entered into by the parties. Appellee filed an affidavit of defense to the *scire facias*. A rule was entered on the appellee-owner to show cause why judgment should not be entered for appellant-subcontractor. Upon answer with issue joined, argument was had before the court in banc. Judgment was entered in favor of appellee-owner and the lien was stricken from the record. This appeal followed.

A single question is raised by the appeal: did the appellant-subcontractor waive the right to file a mechanic's lien? We are in accord with the judgment of the learned court below that the subcontractor waived its right to file the lien.

Section 15 of the Mechanics' Liens Act of 1901, supra, 49 PS 71, provides: "The right to file a claim may be waived by agreement between the claimant and the party with whom he contracts, or by any conduct which operates to equitably estop the claimant."

We agree with the appellant-subcontractor that in the absence of an *express* covenant not to file a lien, the *implied* covenant not to do so must be so clearly stated that the mechanic or material man cannot fail

to understand it: *Scheid v. Rapp,* 121 Pa. 593, 15 A. 652; *Nice v. Walker,* 153 Pa. 123, 25 A. 1065; *Creswell Iron Works v. O'Brien,* 156 Pa. 172, 27 A. 131; *The Commonwealth Title Insurance and Trust Company, etc. v. Ellis,* 192 Pa. 321, 43 A. 1034; *Glassport Lumber Company v. Wolf,* 213 Pa. 407, 62 A. 1074; *Schwartz v. Whelan,* 295 Pa. 425, 145 A. 525.

Applying this principle to the present case, it is to be noted that under Section 5 of the contract between the general contractor and the subcontractor, the latter agreed to be bound by all the covenants which the general contractor had made with the owner-appellee. One of the covenants in that agreement is found in Section 6. It provides that the contractor agrees to indemnify and save harmless the appellee-owner, *inter alia,* from all liens. Construing the agreements together, as we must, it follows that there existed an enforceable covenant not only binding upon the contractor, but also upon the subcontractor, not to file a lien against the owner's property. But of even greater, if not controlling, significance is the clause in Section 5 of the contract between the general contractor and appellant-subcontractor, which provides *that nothing in such contract shall create any obligation on the part of the appellee-owner to pay any sums to any subcontractor.*. By such a provision the subcontractor agreed to look solely to the general contractor for payment. It is crystal clear, since it was agreed that the owner was not to be liable to the subcontractor for any payment, no valid lien can be filed to secure a payment of money not due. Hence, in terms, these clauses unequivocally constitute an effective waiver of the right to file a lien. With such plain language as this, it is difficult to comprehend why the subcontractor could not clearly observe that no liens were to be filed. We agree with the learned court below that

this constituted an effective waiver of the right to file liens.

We note the presence of certain provisions in the contract relating to the withholding of moneys under indemnity provisions. As the litigation now before us relates exclusively to whether or not there was an effective waiver of the mechanic's lien, and such issue being joined in an amicable *scire facias* proceeding under the Mechanics' Liens Act, the question of the right to withhold funds under the indemnity provision is not now before us and, consequently, is not passed upon.

The judgment of the court below is affirmed.