## Fotheringham v. McPherson

*Charles H. Dorsett* and *Frederick L. Fuges*, for petitioner.

*David N. Feldman*, contra.

FLOOD, J., July 1, 1957.—Defendants seek to have stricken from the record the mechanic's lien which plaintiffs filed against their property. Their petition must be granted.

Plaintiffs furnished labor and materials as general contractors under two contracts with defendants. The first contract, apparently completed by defendants' letter of January 15, 1955, provided for the construction of a house and attached garage for $24,000. The parties subsequently made a second contract for the construction of a detached garage on the same lot at a price of $4,000, evidently on May 10, 1955. Although the total price under the two contracts was $28,000,

plaintiffs have claimed for $24,105.52 less a payment of $9,600 or $14,505.52. From this it would appear that plaintiffs did not complete the entire project.

Defendants urge four reasons in support of their petition. Reasons A and C complain that the lien is invalid because the claim filed did not sufficiently itemize the charges for labor and materials. Plaintiffs, however, are general contractors who claim for labor and materials furnished under contracts made with defendants. The particulars provided in the claim clearly are sufficient to meet the standard which the cases establish under these circumstances. See Sumption v. Rogers (No. 1), 53 Pa. Superior Ct. 109, 123-24, 242 Pa. 348 (1913). It seems immaterial in this regard that the present claim is not based on full performance of the contracts. Cf. Murphy v. Bear, 240 Pa. 448, 451 (1913).

Defendants' objection B is that the lien is invalid because plaintiffs' claim "fails to distinguish between the monies and materials used for the garage and that used for the premises." To support this objection they urge that the single claim is invalid because it does not apportion charges between the buildings. Under the Mechanic's Lien Act, a contractor cannot file a single lien against several buildings whether or not the charges are apportioned, except that "a single claim may be filed against more than one structure or other improvement, if they are all intended to form part of one plant": Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 12, 49 PS §54. Determination of defendants' objection, therefore, presents the question whether plaintiffs' claim is within the exception provided by section 12.

Read in light of the history and language of the analogous provisions of sections 2 and 3, we think that the language of section 12 indicates with reasonable clarity that the legislature did not intend this excep-

tion to be applicable only to claims filed against industrial buildings: Mechanic's Lien Act of June 4, 1901, P. L. 431, secs. 2, 3, 49 PS §§21, 25. Cf. Lauman's Appeal, 8 Pa. 473 (1848). The word "plant" seems to have been used as the most convenient description of any group of buildings each unit of which fairly could be subjected to a lien for the whole amount of the debt because the buildings were most valuable when used jointly. See Lauman's Appeal, supra, at 477-78. Similarly, we read the quoted portion of section 12 to authorize the filing of a single claim even though the work involved was furnished under more than one contract and so we would decide if the matter were open. However, the Supreme Court long ago held otherwise on both points in the case of Schively v. Radell, 227 Pa. 434 (1910). The material facts of that case were quite similar to those of the case before us. Since the Schively case has not been overruled or weakened by any subsequent appellate court decision so far as our research discloses, we are bound by it. It is for the Supreme Court to determine whether the case no longer should be followed.

Objection D is that the lien is defective because plaintiffs' claim alleges no excuse for failure fully to perform the contract. Defendants' position is squarely supported by the case of Bohem v. Seabury, 141 Pa. 594 (1891), in which the Supreme Court struck off a lien for this reason. Although the Bohem case was decided under the 1836 act, as amended, the language of the present statute is similar in all material respects. Compare Act of June 16, 1836, P. L. 695, sec. 12, with Act of April 17, 1905, P. L. 172, sec. 1, 49 PS §53. Since neither the provision of the present act which prescribes the contents of the claim nor the similar language of the 1836 act require such excuse to be pleaded it would seem to us that the omission should not be fatal but that the claim should be amend-

able. It is noted, however, that leave to amend was not granted in the Bohem case, supra.

Accordingly, the rule is made absolute, and the mechanic's lien is stricken from the record.