Bendik, Appellant, *v.* Uniontown S. R. Co., Inc., Appellant.

Argued March 15, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

reargument refused July 25, 1962.

*Herman M. Buck,* with him *Ray, Buck & John,* for plaintiffs.

*Henry R. Beeson,* for defendants.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1962:

These appeals arise from a construction contract for the erection of a commercial building in Union-town. Essentially the controversy resolves itself about the interpretation of a section of the contract wherein the defendants (Appellants at Nos. 216, 217 March Term, 1961) are denominated "the first party" and the plaintiffs (Appellants at No. 6 March Term, 1961) are "the second party".

The defendants maintain the contract is a "no lien" contract while the plaintiffs contend the language used does not deny them the right to file a mechanic's lien. The paragraph of Article XXI is as follows: "In the event at any time any obligations incurred by the second party in connection with or as the result of the performance of this subcontract are unpaid, whether due or to become due, the first party is authorized to make such payment direct out of any moneys payable

to the second party, and the first party may at any time if it so desires, make direct payment to the labor employed by the second party, *and the second party for itself and its sub-contractors, materialmen and employees, hereby expressly waives the right to file any lien or claim against the premises or* money earned by the first party; and further, that if in violation hereof, the second party shall file any such lien . . . or other claim for moneys due or to become due for which if established, the first party might be liable, and which would be chargeable to the second party, the first party shall have the right to bond said lien or claim or otherwise discharge the same and to retain out of any payment then due or thereafter to become due, an amount sufficient to completely indemnify it against such lien or other claim with interest together with the expense incident to discharging such lien or claim or defending suit to enforce such lien or other claim, including any premiums charged for a bond and any attorney's fees and disbursements all of which the second party agrees to pay. Should the first party give the second party notice of any unpaid claim for obligations by second party, the second party shall be estopped from disputing liability for any such claim unless within three days after such notice it indicates to the first party in writing by registered mail that there is some sum different than that demanded owing, or that there are no sums owing. And should there prove to be any claim after all payments are made, the second party shall refund to the first party all moneys that the latter may be compelled to pay in discharging and defending the same. Any lien or other claim, until satisfied or withdrawn, shall preclude any and all claim or demand for any payment whatever under or by virtue of this contract." (Emphasis supplied).

The court below, in opinion of the Court en banc, said: "We construe this whole paragraph as relating

to the subject of protection of the defendants against liens or obligations which are primarily the obligation of plaintiff."

We do not so interpret the language of this provision of the contract. While the primary intention of the parties may have been to give defendants protection against liens or obligations which are primarily the obligations of plaintiffs, the quoted portion of the contract clearly waives the plaintiffs' right to file a mechanics lien.

The instant case is clearer than the contracts in *Wood v. U. S. Steel Corp.*, 383 Pa. 158, 118 A. 2d 199 (1955). There it was held the language was sufficiently clear to constitute a waiver of right of subcontractor to file mechanics lien. In these appeals the parties themselves are the signatories. The mechanics' liens Act of June 4, 1901, P.L. 431, §15, 49 P.S. §71 provides: "The right to file a claim may be waived by agreement between the claimant and the party with whom he contracts, or by any conduct which operates to equitably estop the claimant." Parties may and do waive their rights to file mechanics' liens. *Carocci v. Piccone*, 361 Pa. 93, 63 A. 2d 65 (1949).

The instant matter is an express waiver of the right to file a mechanic's lien and not an implied waiver.

We need not consider the other questions raised by defendants pertaining to joinder of claims under the written contract and for extra work done by oral agreement and the charge of improperly lumping instead of a detailed statement nor the question raised by plaintiffs for interest on their claim.

Judgments at Nos. 216 and 217 are reversed and Appeal at No. 6 is dismissed.