Bendik et al., Appellants, *v.* Sommer Bros.
Construction Co., Inc. et al.,
Appellants.

Submitted November 12, 1964.    Before RHODES,
P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONT-
GOMERY, and FLOOD, JJ.

*Herman M. Buck,* with him *Ray, Buck & John,* for plaintiffs.

*Henry R. Beeson,* for defendants.

OPINION BY FLOOD, J., December 16, 1964:

This is a suit to recover a balance due on a building contract plus some items for extra work. All parties have appealed. The principal amount due under the contract by the defendants to the plaintiff, as determined by the jury and modified by the court below, is not under attack in these appeals.

The plaintiff's appeal raises the correctness of the allowance of a set-off by the court below covering expenses, including attorneys' fees, incident to discharging a mechanic's lien filed by the plaintiff in violation of the contract between the parties. That this filing was in violation of the contract is res judicata as a result of a decision in a prior phase of the controversy in which the plaintiff here sued to enforce the lien. The Supreme Court in *Bendik v. Uniontown S. R. Co., Inc.,* 408 Pa. 66, 182 A. 2d 512 (1962), held under the contract before us the plaintiff had waived the right to file his lien. Consequently the plaintiff's argument, based upon evidence of an oral variation of the written agreement so construed by the Supreme Court, cannot prevail.

The contract, which prohibited the filing of a mechanics' lien by the subcontractor, also provided in Article XXI "that if in violation hereof, the second party [plaintiff] shall file any such lien or claim, . . . at any time . . . the first party [contractor] shall have the right to . . . discharge the . . . [lien or claim] and to retain out of any payment then due or thereafter to become due, an amount sufficient to completely indemnify it against such lien or other claim with interest together with the expense incident to discharging such lien . . ., including . . . any attorneys' fees and disbursements, all of which the second party agrees to pay." The expense to the defendants, including attorneys' fees in connection with the discharge of the lien, was properly allowed as a set-off against the amount due to the plaintiff from the defendants.

The defendants' appeal contends that they should not be obliged to pay interest on the amount due. Article XXI also contained the following provision: "Any lien or other claim, until satisfied or withdrawn, shall preclude any and all claim or demand for any payment whatever under or by virtue of this contract." The lien was filed a few days after all the amounts claimed by the plaintiff became due. The contention is that the payment of interest was suspended while the lien remained of record because of the above quoted provision.

The court below properly held, in our opinion, that interest was not suspended during this period. While the defendants, because of this clause, were not obliged to pay the amount due during the period when the lien was on file and the plaintiff could not collect it without withdrawing or satisfying his lien, there was nothing to prevent the defendants from paying the claim during this time if they wished. The money was due and owing the plaintiff from the dates when the work was completed. This was prior to the filing of the

lien. The defendants therefore were the first to breach the contract by not paying these amounts when due. During the period when the lien was on file, the defendants had the use of the money and the plaintiff did not. The court below held that under these circumstances there was no reason why the defendants should not pay interest, but that on the contrary it was equitable that they should. With this we are in agreement.

The able opinion of the court below adequately covers all of the issues involved and we affirm it.

Judgment affirmed.