363 A.2d 1136

**MAR RAY, INC., a Pennsylvania Corporation, Appellant,**

**v.**

**Frank SCHROEDER et al.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

Anthony J. Martin, Monroeville, for appellant.

Edward C. Leckey, Pittsburgh, for appellee.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, PRICE VAN der VOORT, and SPAETH, JJ.

PRICE, Judge.

On December 23, 1974, the lower court sustained appellee's preliminary objections to a mechanic's lien claim filed by appellant Mar Ray, Inc. We reverse.

The documentary evidence in the record reveals that on August 1, 1968, appellant contracted with Arkay Construction Company, Inc. (Arkay), to perform carpentry work on property located in Allegheny County, Pennsylvania, known as Village in the Park. Village in the Park was owned by appellees Frank Schroeder, Barbara McCormick, and Warren H. Van Kirk, trading as Shadyside Investment Company, and was leased by appellees Albert B. Starr and William K. Kershbaumer. The contract designated Arkay as the "Contractor" and appellant as the "Subcontractor." The contract price was $235,000.00. Appellant's lien claim is for the sum of $65,192.51.

■ The contract, a copy of which is attached to appellant's lien claim, contains a waiver of the right to file a lien claim,[1] and based on the contractual waiver, the lower court sustained appellees' preliminary objections to the claim.[2]

■ Appellant's claim avers that the lien was not filed pursuant to the contract containing the waiver, but to another contract. According to appellant's claim, on or about June 15, 1969, Arkay was no longer able to perform its obligations under the contract with the owners. As a result of this failure, appellee Albert Starr agreed to pay appellant all past sums due and owing to appellant, in consideration for appellant's promise to complete the carpentry work at Village in the Park. The claim further avers that the work was completed on July 29, 1969. Appellant contends that the second contract did not contain a waiver of liens and that the mechanic's lien was filed pursuant to that contract.

It is unclear whether appellees contend that the lien claim was filed pursuant to the first contract, or whether appellees contend that the waiver in the first contract precludes appellant from filing a lien claim under the second contract. The lower court apparently accepted the first of these contentions, for the lower court's opinion contains no mention of the alleged second contract.

1. Section 401 of the Act of Aug. 24, 1963, P.L. 1175, No. 497, art. IV (49 P.S. § 1401), permits a subcontractor to waive the right to file a claim.

2. Appellant contends that a waiver of the right to file a mechanic's lien is not properly raised by preliminary objections. However, if the waiver is properly made a part of the record, as it is in this case, preliminary objections may be used to raise the issue of a waiver. *Compare Carocci v. Piccone*, 361 Pa. 93, 63 A.2d 65 (1949), with *Dunham-Bush, Inc. v. Murray's 51 Lanes, Inc.*, 412 Pa. 424, 194 A.2d 887 (1963).

Moreover, this court has permitted preliminary objections to raise the issue of a waiver in a proceeding to obtain judgment on a filed lien claim under the Pennsylvania Rules of Civil Procedure. *Stringert & Bowers, Inc. v. On-Line Systems, Inc.*, 236 Pa.Super. 196, 345 A.2d 194 (1975).

Indeed, there is nothing in the record, other than the assertion in appellant's claim, to indicate the existence of a second contract.

■ If the lien claim was filed pursuant to a second contract which contained no waiver, it appears that appellant would be entitled to file the lien claim. *N. Green & Co. v. Thompson*, 172 Pa. 609, 33 A. 702 (1896). The lower court, however, by sustaining the appellees' preliminary objections, has denied the appellant an opportunity to prove the existence of the second contract. The lower court apparently assumed either that the lien claim was filed pursuant to the first contract; or that the waiver in the first contract precluded filing of a lien claim under the second; or that the second contract never existed. None of these assumptions is warranted on the basis of the abbreviated record before us.[3] Therefore, the lower court erred in dismissing appellant's lien before giving appellant the chance to prove its allegations.

■ Appellees also contend that there was no consideration for the second contract because appellant was already contractually obligated to perform the work. However, lack of consideration is normally an affirmative defense which must be raised by an answer in an action on the merits. *Plasterer Estate*, 413 Pa. 513, 198 A.2d 525 (1964).

On this appeal, we do not decide the validity of appellant's cause of action on the merits, nor do we decide the validity of any defenses appellees may have on the merits, including lack of consideration and the non-existence of a second contract. The narrow question decided today

---

**3.** When a defendant files preliminary objections to a complaint, all facts alleged in the complaint must be taken as true for purposes of determining the preliminary objections. *Stringert & Bowers, Inc. v. On-Line Systems, Inc.*, note 2 *supra*. The situation is analogous when preliminary objections are filed to a lien claim. If the allegations in appellant's claim are taken as true, then the lien claim was filed pursuant to the second contract and the waiver is ineffective.

is whether appellant's claim can withstand appellees' preliminary objections. We have decided that narrow question in favor of appellant.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.