378 A.2d 363

**JOHN B. KELLY, INC. of Pennsylvania, Subcontractor**

**v.**

**PHOENIX PLAZA, INC., Phoenix Plaza Associates and B. Bornstein & Sons, Inc., Owner or Reputed Owner**

**and**

**B. Bornstein & Sons, Inc., Contractor.**

**JOHN B. KELLY, INC. of Pennsylvania, Contractor**

**v.**

**PHOENIX PLAZA, INC., Phoenix Plaza Associates, and B. Bornstein & Sons, Inc., Owners or Reputed Owners.**

**Appeals of JOHN B. KELLY, INC. of Pennsylvania.**

Superior Court of Pennsylvania.

Argued March 23, 1977.

Decided Oct. 6, 1977.

414

Russell D. Henkin, Philadelphia, with him David Berger, Philadelphia, for appellant.

Melva L. Mueller, West Chester, for appellees, Phoenix Plaza, Inc., Phoenix Plaza Associates.

No appearance entered nor brief submitted for appellee, B. Bornstein & Sons, Inc.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal raises two issues. May a waiver of mechanics' liens be raised by preliminary objections to the claim and, if so, was this a proper case in which to strike the lien. We hold that the waiver could be raised in this case by preliminary objections but that the lower court improperly struck the claim. We will reverse and remand.

On July 6, 1974, appellant, John B. Kelly, Inc., of Pennsylvania, (hereinafter Kelly) entered into a contract with B.

Bornstein & Sons, Inc. (hereinafter Bornstein). This contract required Kelly to furnish and install gypsum wallboard upon the premises of appellees, Phoenix Plaza, Inc., and Phoenix Plaza Associates, (hereinafter Phoenix). The premises are known as French Creek Mall and are located in Chester County, Pennsylvania. Paragraph 19 of the contract between Kelly and Bornstein contained a waiver of mechanics' liens in favor of "the parties" and covering work to be performed under the contract and any "supplemental" agreement between the parties.

On September 13, 1975, because of substantial defaults by Bornstein, Phoenix terminated Bornstein as general contractor and general partner.[1] Subsequently, on September 17, 1975, appellee Phoenix notified Kelly by telegram and mailgram of its actions with respect to Bornstein and guaranteed payment to Kelly for all future work and for all work performed at the Mall during July, August and September of 1975 in return for appellant performing the work that it had originally agreed to under the first contract and subsequent change orders. In the telegram and mailgram no mention was made of a waiver of mechanics' liens.[2]

On November 18, 1975, appellant Kelly filed its first mechanics' lien against the French Creek Mall, the claims being directed against Phoenix and Bornstein. Then on February 4, 1976, Kelly again filed a mechanics' lien in the amount of $84,962.00 against the Mall and the same parties. Phoenix filed preliminary objections[3] to the latter claim on March 19, 1976, claiming that such a lien is barred by the

---

1. Kelly alleges that at the time the original contract was negotiated and entered into, Bornstein purported to act as the contractor when in fact it was one of the owners of the property and, therefore, did not occupy the status of a true contractor with respect to the subcontractors, including appellant. This is one of the many questions of fact to be determined on remand.

2. Kelly alleges that this telegram constituted an entirely new contract which was not, as Phoenix argues, supplemental to the original Kelly-Bornstein contract. This is another issue that will have to be resolved on remand.

3. Bornstein did not respond to either of the claims filed by Kelly in the court below and is not a party to this appeal.

waiver of liens in the Kelly-Bornstein contract. Phoenix also asserted that the lien of November 18, 1975, was additionally invalid because no affidavit of service of notice was filed as required by 49 P.S. § 1502(a)(2).[4] The lower court sustained the preliminary objections solely on the basis of the waiver of liens provision in the contract between Kelly and Bornstein and ordered the claims stricken. It is from that order that this appeal is taken.

The appellant contends that the lower court erred when it ruled that preliminary objections are a proper method under the Mechanics' Lien Law by which to raise the defense of a waiver of liens; and that to allow the use of preliminary objections in such an instance is inconsistent with the policy underlying the Mechanics' Lien Law of 1963. Furthermore, the appellant argues that the use of preliminary objections is peculiarly inappropriate in this case. Kelly reasons that where substantial factual issues exist as to the relationship between the appellees, the identity of the parties to the first contract, and whether the telegram and mailgram of September 17, 1975, constituted a contract which was supplemental to the first contract or was a wholly separate contract to which the waiver of liens would not apply, the lien should not summarily be stricken.

The appellees, on the other hand, contend that since a copy of the contract of June 6, 1974, between Kelly and Bornstein was attached to both claims as filed, the contract was placed on the record and therefore supports the use of preliminary objections to obtain the striking of the liens. Alternatively, Phoenix argues that the use of preliminary objections to strike a mechanics lien should only be prohibited when a "notice waiver" is involved and not when a "direct waiver" is involved.

4. Mechanics' Lien Law of 1963, August 24, 1963, P.L. 1175, No. 497, art. V, § 502, 49 P.S. § 1502. The lower court did not rule on this allegation because it held that the use of preliminary objections was proper. Because of our reversal and remand it will be necessary for the lower court to dispose of this issue when the record is returned to it.

In holding that the waiver may be raised preliminarily we are following *Mar Ray, Inc. v. Schroeder*, 242 Pa.Super. 14, 363 A.2d 1136 (1976).[5] In that case the contract between the contractor and claimant contained a waiver of liens and was attached to the claim as it is here. In answer to claimants' contention that the waiver cannot be raised by preliminary objections our Court said "[I]f the waiver is properly made a part of the record, as it is in this case, preliminary objections may be used to raise the issue of a waiver." *Id.* 242 Pa.Super. at 16, n. 2, 363 A.2d at 1137 n. 2. However, as did the subcontractor in *Mar Ray*, Kelly raises numerous factual questions concerning the validity, enforceability and applicability of the waiver provision. Kelly alleges that the lien claim was filed pursuant to a second contract which did not contain a waiver provision and which replaced the original contract with Bornstein. Kelly additionally avers that the waiver in the first contract is invalid pursuant to Section 1407 of the Act[6] because there is nothing in the record to indicate that it knew Bornstein was actually a part-owner of the mall when it entered into the contract with Bornstein. And finally, Kelly argues that Phoenix was not a "party" to the first contract and therefore cannot avail itself of the waiver's protection. Accepting, as we must, these allegations to be true, the lower court erred in striking appellant's claim before giving Kelly a chance to prove its allegations. *Id.* 242 Pa.Super. at 17, 363 A.2d at 1137.

The order of the lower court is reversed and the case remanded.

**5.** While the writer of this opinion did not participate in the consideration or decision of *Mar Ray*, the opinion of Judge PRICE does represent the views of six judges of this Court. As such, it is dispositive of the issues presented on this appeal.

Section 505 of the Mechanics' Lien Law of 1963, 49 P.S. § 1505 (1965) limits preliminary objections to a "showing of exemption or immunity of the property from lien, or for lack of conformity with [the] act." Our holding in *Mar Ray* has the effect of deciding that a waiver given by a subcontractor renders the property "exempt or immune from lien" within the context of the Act.

**6.** Mechanics' Lien Law of 1963, § 407, 49 P.S. § 1407 (1965).