423 A.2d 1288

## LISK PLUMBING AND HEATING CO., INC.

v.

## Donald W. SCHONS and Mary Ann Schons, his wife■

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed Feb. 13, 1981.

W. Thomas Laffey, Jr., Pittsburgh, for appellant.

Robert A. Cohen, Pittsburgh, for appellees.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant Lisk Plumbing and Heating Company filed a mechanics lien and a complaint founded thereon against Donald W. and Mary Ann Schons, husband and wife, the appellees, to secure payment for plumbing work done by Lisk on appellees' property. Lisk was a subcontractor to the general contractor Maple Construction, Inc.

The property on which the work was performed is located in Robinson Township, Allegheny County. The mechanics lien is claimed against "ALL THAT CERTAIN tract or piece

of land situate in the Township of Robinson and the Township of Kennedy. County of Allegheny . . . . " and a description of the parcel of land follows: Such description traces the description contained in appellees' original deed to such tract.

The contract between Lisk and Maple Construction contained no provisions as to the filing of mechanic liens. Lisk had no actual knowledge that the contract between Maple Construction and the Schons contained a no-lien agreement.

Appellees filed preliminary objections to appellant's lien complaint averring that the general contractor, Maple Construction had entered into a no lien agreement with the appellees. Such agreement was alleged to have been filed in the Court of Common Pleas of Allegheny County, to have been properly indexed and to have complied with the Mechanic's Lien Law, 49 P.S. § 1402.

Appellant Lisk filed an answer to the preliminary objections denying appellees' claim contending that the indexing had not been listed in the proper municipality. Appellant claimed that the indexing was insufficient to constitute notice under 49 P.S. § 1402 since it was indexed only in the Kennedy Township index and not in the Robinson Township index.

The lower court after arguments from the respective parties entered an order on May 24, 1979 sustaining the preliminary objections, holding that the mechanic's lien by reciting the names of both Robinson and Kennedy Townships, gave Lisk constructive notice that it was required to check the indices for both communities.

■ Lisk now argues that the preliminary objections were in the nature of a demurrer to the complaint. Relying on *International Union of Operating Engineers v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974), appellant notes that a demurrer requires that every well-pleaded, material, relevant fact set forth in the complaint, together with all reasonable inferences therefrom are admitted to be true. Accordingly for the purpose of disposing of the demurrer, Lisk contends that the material facts are that

appellant filed a mechanics lien pertaining to appellees "land situated in the Township of Robinson and the Township of Kennedy . . .", on which Lisk did work and supplied materials for which a balance of $7,247.27 is currently outstanding and owed to Lisk. The complaint as filed does state a valid cause of action, and under the traditional rules of procedure would not be subject to demurrer.

■  Appellees' preliminary objections while subtitled "Demurrer to Complaint" in actuality took the form of a "speaking demurrer",[1] presenting the no-lien agreement entered into between the Schons and the general contractor as a defense to the complaint. Lisk's answer to the preliminary objection alleged that while a no-lien agreement was filed, it was not properly indexed, the agreement being indexed only in one of the two townships in which the property was located.

The crux of the parties disagreement is due in part to the preliminary objections sections of the Mechanic's Lien Law of 1963, 49 P.S. § 1505. The statute reads in part:

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise."

Both parties discuss *Mar Ray, Inc. v. Schroeder*, 242 Pa.Super. 14, 363 A.2d 1136 (1976); and *John B. Kelly Inc. v. Phoenix Plaza, Inc.*, 249 Pa.Super. 413, 378 A.2d 363 (1977). In both *Mar Ray* and *Kelly* the preliminary objections raised the existence of no-lien agreements, but unlike the present case the contracts attached to the liens contained the no-lien agreements. The agreements were held to be part of the record since they accompanied the complaint. The case

1. A speaking Demurrer is one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading. Black's Law Dictionary 4th Ed. Rev.

currently before this Court is factually similar to *Dunham-Bush v. Murray's 51 Lanes*, 412 Pa. 424, 194 A.2d 887 (1963). In *Dunham-Bush* the lien holder filed an answer to a petition to strike. The answer admitted the no-lien agreement but denied its validity. The Supreme Court held that the lower court should not have considered the agreement in its decision on the motion to strike. The court found "[t]he no-lien stipulation upon which the court below struck off this lien was a matter dehors the record and should not have been considered by the court below" (the stipulation was not contained in the lien or complaint thereon)—Id., 412 Pa. at 429, 194 A.2d 887. However, *Dunham-Bush* was decided before section 1505 became effective. While section 1505 limits objections to claims of immunity or exemption from liens, it also permits the lower courts to take evidence on an issue of fact raised by the preliminary objection. Several lower courts have incurred difficulties in their attempts to reconcile these limitations and expansions contained in section 1505. See: *Sellers v. Stroh*, 50 Northum Leg.J. 43 (1977) (the court may take judicial notice of an agreement filed in prothonotary's office); and *Augustine v. Berks County Industrial Development Authority*, 72 Berks Co.L.J. 26 (1979) (if agreement does not accompany complaint then it is not part of record).

We feel a lengthy dissertation on preliminary objections and/or on defining what is in the record is unnecessary in deciding this case. The record presently before this court contains the following documents: the mechanic's lien and complaint thereon with the subcontractor's contract attached, the preliminary objections with the general contract containing the no-lien agreement, and appellant's answer stipulating to the existence and filing of the no-lien provision but denying its validity. These documents were before the lower court and under § 1505 the lower court was authorized to require additional evidence. Appellant itself failed to object to "matter dehors the record" and instead admitted the existence of the agreement but questioned its validity. The lower court did not err in taking notice of what both parties admitted to be correct.

*Mar Ray*, supra, and *Kelly*, supra, are not sufficiently distinguishable from this present appeal to require a different result here. Both cases allowed the waiver of liens to be raised preliminarily, as appellees did in this case. In both *Mar Ray* and *Kelly* the lienor filed an answer to the preliminary objection alleging the waiver to be invalid, as appellant did here. In both cases the lower court struck the claim without allowing the claimant to prove its allegations; Lisk was also denied such a chance. This court in both of the previously mentioned cases found the lower courts were in error; accordingly we also find the lower court erred in the present case.

Since the pleadings established the essential facts, we hold the lower court was not in error in considering the preliminary objections in the nature of a demurrer. However the lower court did err in granting the demurrer and summarily striking the lien. It is the duty of property owners who enter into a no-lien agreement to have it filed and properly indexed. *Houser v. Childs*, 129 Pa.Super. 565, 196 A. 547 (1938).

In this case the no-lien agreement was indexed in the In Rem index for Kennedy Township and not in the Robinson Township index. It appears from the record that a building permit was issued by Robinson Township but no such permit was issued by Kennedy Township.[2] Appellant claims all the work performed was performed in Robinson Township and all materials used were actually used in Robinson Township. The record is bare of any allegation of or confirmation thereof, that the work was done solely in Robinson. Appellee does not address the issue. However, the fact that appellee obtained a building permit from Robinson but not Kennedy Township does support Lisk's position. Accordingly, we hold that appellant was only required to search the In Rem index for Robinson Township.

2. Attorney for appellant Lisk filed with the lower court an affidavit setting forth that he had contacted the respective municipalities concerning issuance of building permits. Appellee did not challenge the representations within such affidavit either in the record or in his brief.

Before proceeding further, we would like to point out a number of factors that have complicated this case. The contract between appellant Lisk and the general contractor made no reference to any work to be performed in Robinson Township. The project was described simply as "The Donald Schons Residence". The municipality was stated to be "Coraopolis."[3] The mechanics lien and the complaint filed thereon listed the construction in Robinson *and* Kennedy Townships,[4] all of which obviously made the lower court's problem more difficult.

■ Nevertheless, the essential issue is whether, as a matter of law, the appellant had constructive notice at the time of contracting with the general contractor and during Lisk's performance of such contract. We hold that as a matter of law there was no constructive notice of the no-lien agreement. We therefore reverse and remand for further proceedings consistent with this Opinion.

SPAETH and HOFFMAN, JJ., concur in the result.

---

3. Coraopolis is a neighboring municipality in the same general vicinity as Robinson and Kennedy Township.

4. This description was taken from an earlier deed given to appellees by their predecessors in title.