432 A.2d 1098

Q—DOT, INC., a Pennsylvania Corporation, Appellant

v.

ATLANTIC CITY ELECTRIC COMPANY, a New Jersey Corporation, Baltimore Gas & Electric Company, Delmarva Power & Light Company, Metropolitan Edison Company, Pennsylvania Power & Light Company, Philadelphia Electric Company, Potomac Electric Power Company, Public Service Electric & Gas Company, the United Gas Improvement Company.

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed July 24, 1981.

156

---

David J. Humphreys, Pittsburgh, for appellant.

Wayne A. Kablack, Indiana, for appellees.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in concluding that it had waived its right to file a mechanics' lien. We disagree and, accordingly, affirm the order of the court below striking appellant's mechanics' lien claim.

In early July, 1977, the parties entered into a "Continuing Agreement" for appellant to construct and/or maintain electrical generating stations owned and/or operated by appellees. Paragraph 1:02 of that contract provides:

It is the intent of the parties by entering into this agreement, to establish a general set of terms and conditions which will govern the parties['] mutual dealings with respect to the maintenance and/or construction of electric generating stations as set forth above. It is clearly understood that this agreement shall not be construed to confer upon [appellant] the exclusive right to perform maintenance and/or construction at the generating stations referred to above, but shall be the basis upon which the parties shall conduct their dealings from time to time,

when [appellees] in [their] sole discretion, shall elect to employ [appellant] for such purposes.

Paragraph 1:03 provides that construction or maintenance work would be awarded, from time to time, on a bid basis and that appellant would be "directed to proceed with the work contemplated . . . by [appellees'] Purchase Order *which shall incorporate by references the terms and conditions in this Continuing Agreement."* (Emphasis added.) Pursuant to paragraph 2:07.1 of the Continuing Agreement, appellant was to "provide and pay for all materials, labor, supervision, tools, equipment, transportation and other services and facilities necessary for the execution and completion of the work." Additionally, paragraph 2:52.1 of the Continuing Agreement contained the following waiver of liens provision:

*It is understood and agreed that no lien shall at any time be filed against the premises upon which the work hereunder is performed, or any part thereof, by [appellant]* or any subcontractor or other persons employed by or furnishing labor, equipment or materials to [appellant] or any subcontractor for, in, or about the performance of the work hereunder. In furtherance of this understanding and agreement, [appellant] shall, if requested by [appellees], execute a Waiver of Liens Agreement. The Waiver of Liens Agreement shall be filed in the Prothonotary's Office at the County Courthouse of the County where the work is performed. [Appellees] will require proof that this is filed prior to the time that any of [appellant's] men start work on the project.

(Emphasis added.) On September 6, 1978, appellees issued a Purchase Order authorizing appellant to undertake certain work at appellees' Conemaugh Generating Station. The September 6 Purchase Order expressly incorporated the terms and conditions of the Continuing Agreement. On December 6, 1978, appellees amended the September 6 Purchase Order by adding two pages of change orders. The December 6 additions requested appellant's acknowledgment and provided further that "[a]ll other terms and conditions

[shall] apply." Appellant completed work at the Conemaugh Generating Station on June 6, 1979. On July 12, 1979, appellant filed a mechanics' lien claim in the amount of $518,751.02. On July 26, 1979, appellees filed preliminary objections asserting that: (1) the claim was barred by the waiver of liens provision of the Continuing Agreement; and (2) the premises were exempt from a mechanics' lien under section 303(b) of the Mechanics' Lien Law of 1963 * (hereinafter cited as the Act) because they were operated for a public purpose. Appellant filed an answer to the preliminary objections denying that it had waived its right to file a lien and asserting that its lien was not barred by the public purpose exemption of the Act. Subsequently, appellees filed an affidavit in support of their preliminary objections to which they attached a copy of the Continuing Agreement. The lower court sustained appellees' preliminary objections on the basis of the waiver of liens provision and ordered that appellant's claim be stricken. This appeal followed.

■ Appellant contends first that the lower court should not have entertained appellees' preliminary objections. We disagree. Section 505 of the Act, 49 P.S. § 1505, provides, in pertinent part:

Any person may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. . . .

Our Court has construed section 505 to permit the waiver of liens issue to be raised by preliminary objections. *See, e. g., John B. Kelly, Inc. v. Phoenix Plaza, Inc.,* 249 Pa.Super. 413, 417 & n.5, 378 A.2d 363, 364–65 & n.5 (1977); *Mar Ray, Inc. v. Schroeder,* 242 Pa.Super. 14, 16 & n.2, 363 A.2d 1136, 1137 & n.2 (1976). Here, as in each of those cases, the contract containing the waiver of liens provision had been made a

* Act of August 24, 1963, P.L. 1175, No. 497, 49 P.S. § 1303(b).

part of the record and, consequently, the lower court properly entertained appellees' preliminary objections.

Appellant contends next that the lower court should not have sustained appellees' preliminary objections because there were factual issues concerning the applicability of the waiver clause of the Continuing Agreement. *See John B. Kelly, Inc. v. Phoenix Plaza, Inc., supra*, 249 Pa.Super. at 417, 378 A.2d at 365 (remanding for factual determinations); *Mar Ray, Inc. v. Schroeder, supra*, 242 Pa.Super. at 17, 363 A.2d at 1137 (same). We disagree. Section 505 of the Act, 49 P.S. § 1505, provides that "[i]f an issue of fact is raised in such objections, the court *may* take evidence by deposition or otherwise." (Emphasis added.) It is apparent from the pleadings and documentary evidence of record that no issue of fact requiring additional evidence was raised by the preliminary objections. It is clear that the work undertaken by appellant at the Conemaugh Generating Station was performed pursuant to the Continuing Agreement and was well within the scope of the materials and services required of appellant pursuant to paragraph 2:07.1. Likewise, it is clear that appellant has waived its right to file a mechanics' lien for the work it performed. Section 401 of the Act, 49 P.S. § 1401, provides: "A contractor or subcontractor may waive his right to file a claim by a written instrument signed by him or by any conduct which operates equitably to estop such contractor or subcontractor from filing a claim." Paragraph 2:52.1 of the Continuing Agreement unequivocally states: "It is understood and agreed that no lien shall at any time be filed against the premises upon which the work hereunder is performed ... by the Contractor ...." Appellant signed that agreement and thus expressly waived its right to file a mechanics' lien. *See Bendik v. Uniontown S. R. Co.*, 408 Pa. 66, 69, 182 A.2d 512, 513 (1962) (applying section 15 of the Mechanics' Lien Act of June 4, 1901, 49 P.S. § 71 (repealed)). Consequently, the lower court properly struck appellant's mechanics' lien claim.

Order affirmed.