# RDW Construction Company Inc. v. Nazareth Fairgrounds Inc.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Oldrich Foucek, III,* for plaintiff.
*Clinton J. Najarian,* for intervenor.

GRIFO, *J.,* August 21, 1985—Presently before the court in these consolidated[*] mechanics' lien actions are preliminary objections filed by Intervenor, Bank of Pennsylvania, against the claim of RDW Construction Company Inc. (RDW).

RDW filed one of four mechanics' lien claims against Nazareth Fairgrounds Inc. (NFI). Each claim was commenced before February 8, 1984, the date NFI filed for protection under Chapter 11 of the Bankruptcy Code. Currently NFI is involved in a Chapter 7 proceeding before the Bankruptcy Court for the Eastern District of Pennsylvania.

The automatic-stay provisions of section 362(a) of the Bankruptcy Code operated to stay these mechanics' lien actions. Thereafter, on June 22, 1984,

---

[*] By order of court entered on this day, these mechanics' lien claims have been consolidated.

this court, per the Honorable Alfred T. Williams Jr., P.J., permitted counsel for NFI to withdraw, and permitted Bank of Pennsylvania to intervene in each action. The order directed the bank to file appropriate pleadings in each action within 15 days after the bankruptcy court modified the automatic stay to allow these mechanics' lien actions to proceed in this court.

The trustee in bankruptcy has now sold the real estate against which the mechanics' lien claims are filed; and the proceeds of the sale are being held by the trustee subject to all liens and encumbrances previously attached.

On April 15, 1985, the bankruptcy court modified the automatic stay to permit these mechanics' lien actions to proceed so that plaintiff could attempt to perfect their individual lien claims. Therefore, in accordance with this court's order of June 22, 1984, the Bank of Pennsylvania filed these preliminary objections to the claim of RDW.

The basis of the bank's preliminary objections is that plaintiff cannot commence a mechanics' lien claim as a result of a stipulation entered into between RDW and NFI, in which RDW agreed not to file mechanics' lien claims. RDW contends, however, that dismissal of its claim on the basis of the stipulation is not proper since the stipulation was not supported by adequate consideration; the stipulation was executed under duress; and the description of the property provided in the stipulation does not encompass all property on which work was performed and a claim filed.

The Mechanics' Lien Law, Act of August 24, 1963, P.L. 1175, 49 P.S. §1101 et seq., provides that a waiver of liens may be effected by the written contract between the owner and contractor, or by a sep-

arate written instrument signed by the contractor. 49 P.S. §1402. In the present case, the stipulation against liens was executed in a separate written instrument. Preliminary objections are a proper method under the Mechanics' Lien Law to raise the defense of waiver of liens. John B. Kelly Inc. v. Phoenix Plaza Inc., 249 Pa. Super. 413, 378 A.2d 363 (1977). The waiver of mechanics' lien claims must be clearly proven. Clayton v. Leinhard, 312 Pa. 433, 167 A.2d 321 (1933).

In John B. Kelly Inc. v. Phoenix Plaza Inc., supra, the Superior Court concluded that the trial court erred in striking the contractor's claim before giving it an opportunity to prove its allegations of invalidity of the waiver:

". . . Kelly alleges that the lien claim was filed pursuant to a second contract which did not contain a waiver provision and which replaced the original contract with Bornstein. Kelly additionally avers that the waiver in the first contract is invalid pursuant to section 1407 of the act because there is nothing in the record to indicate that it knew Bornstein was actually a part-owner of the mall when it entered into the contract with Bornstein. And finally, Kelly argues that Phoenix was not a "party" to the first contract and therefore cannot avail itself of the waiver's protection. Accepting, as we must, these allegations to be true, the lower court erred in striking appellant's claim before giving Kelly a chance to prove its allegations." 378 A.2d at 365. (Footnote and citation omitted.)

Likewise, in the present case, the contractor alleges failure of consideration, duress and disputes the extent of the property covered by the stipulation. Moreover, the bank raises a question whether it would be subject to RDW's counterdefense of du-

ress. Plaintiff's allegations raise substantial factual issues "concerning the validity, enforceability and applicability" of the stipulation. Where, as here, the sustaining of preliminary objections would result in a dismissal of the mechanics' lien claim, a court should sustain only in cases clear and free from doubt, Chambers v. Todd Steel Pickling, 323 Pa. Super. 119, 470 A.2d 159 (1983). The allegations of RDW raising factual issues concerning the invalidity of the stipulation lead us to the conclusion that dismissal of the claim is not appropriate at this juncture. However, section 1505 of the Mechanics' Lien Law provides:

". . . if an issue of fact is raised by such [preliminary] objections, the court may take evidence by deposition or otherwise."

Having found that issues of fact exist, we conclude that it would be most expeditious to dispose of the issues, raised by the parties through preliminary objections, but only after the appropriate depositions are taken concerning the execution of the stipulation.

Wherefore, we enter the following

## ORDER OF COURT

And now, this August 21, 1985, the court finding that issues of fact exist concerning the validity and effect of the stipulation against mechanics' liens, orders the parties to take depositions concerning the issues of fact raised by defendant's preliminary objections and plaintiff, RDW Construction Company Inc.'s response thereto.

Thereafter, defendant is directed to again praecipe the preliminary objections on the next available argument list for disposition by this court.