## G.E.M. Building Contractors and Developers Inc. v. Egidio's Inc.

*Richard A. Harper,* for plaintiff.
*Carmen Lamancusa,* for defendant.

McCRACKEN, *P.J.*, March 17, 1992—G.E.M. Building Contractors and Developers (claimant) filed a mechanics' lien claim on November 20, 1989, against certain real property in Neshannock Township, Lawrence County, in order to obtain payment for remodeling and construction work performed on a restaurant and motel on that property owned by Egidio's Inc. (owner). The claimant avers that it had an oral contract with the owner to remodel the buildings in connection with the planned expansion of the businesses, and that work began on August 3, 1988, but was halted when a fire destroyed the restaurant on May 7, 1989. The owner has responded with preliminary objections, asking that the claim be stricken because it was filed more than four months after the completion of the project and is thus contrary to the Mechanics' Lien Law, and also because the complete destruction of the premises by fire precludes the possibility that a mechanics' lien can attach to the property.

The first of these contentions is based on the section of the Mechanics' Lien Law of 1963 that deals with the filing of claims. The Act of August 24, 1963, P.L. 1175, No. 497, Article V, section 502 (49 Pa.C.S. §1502(a)(1) reads, "To perfect a lien, every claimant must file a claim with the prothonotary as provided by this act within four months after the completion of his work." It is well settled that the provisions of this law, because they provide a unique statutory remedy for a particular class of creditors, must be construed strictly. *Yellow Run Coal Co. v. Yellow Run Energy Co.*, 278 Pa. Super. 574, 420 A.2d 690 (1980). Therefore, if the claim has not been filed within the specified time limit, it must be stricken and no lien

can attach. *Russell v. Bell*, 44 Pa. 47 (1862); *Howell Marble and Stone Co. v. Citro*, 31 Fayette L.J. 66 (1968); *Modern White Manufacturing Co. v. Townsend*, 116 Pitts. Leg. J. 304 (1967); *Modern Woodworking Shop v. McKinney*, 72 Pitts. Leg. J. 400 (1923). Furthermore "completion of the work" is defined in Article II, section 201 of the Mechanics' Lien Law (49 Pa.C.S. §1201) as, "performance of the last of the labor or delivery of the last of the materials required by the terms of the claimant's contract or agreement, whichever last occurs." It is, therefore, necessary to determine when the project was completed in order to decide whether the claim was timely filed.

The owner's preliminary objections include an affidavit from the owner's attorney stating that on July 13, 1989, he received a letter from an apparent officer of the claimant corporation in an attempt by the claimant to collect its fees. That letter, dated July 11, 1989, and attached to the preliminary objections, contains this paragraph:

"For the record, G.E.M. Inc. completed this project on or about November 16, 1988, and the final payment request was submitted January 2, 1989."

We are asked to treat this statement as an admission by the contractor that the project was finished more than four months before the filing of the lien. It is not clear, however, that the author of the letter was authorized to speak for the company on this point. This is a matter that we cannot assume, since his title and position are not indicated on the record. Nor does it follow, even if the company made the representation

in July of 1989, that it could not make a different representation in November of that year.

But even more importantly, even if we were to regard the letter as relevant and competent evidence on this point, it does not justify striking the mechanics' lien claim. This is because a motion to strike must be based on defects in the pleading that are apparent on the record and not on evidence that is introduced merely for arguing the motion. *Porter v. Arnold*, 35 Del. Leg. J. 448 (1948). Since we cannot ascertain from the mechanics' lien claim itself whether it was timely filed, we cannot decide this question on the basis of extrinsic evidence. See also *Lisk Plumbing and Heating Co. Inc. v. Schons*, 283 Pa. Super. 344, 423 A.2d 1288 (1981) (a defense to a mechanics' lien complaint which is extrinsic to the complaint itself does not justify striking the lien on a preliminary objection).

This brings us to the question of whether the issue of when the work was completed can be raised by preliminary objection. The Mechanics' Lien Act, like the Rules of Civil Procedure, permits the court, in considering a preliminary objection, to take evidence by deposition or otherwise in order to resolve an issue of fact. 49 Pa.C.S. §1505. Furthermore, the case law provides ample precedent for taking evidence on such issues. *Q-Dot Inc. v. Atlantic City Electric Co.*, 289 Pa. Super. 155, 432 A.2d 1098 (1981); *John B. Kelly Inc. v. Phoenix Plaza Inc.*, 249 Pa. Super. 413, 378 A.2d 363 (1977). But these cases do not deal with the situation now before us in which the validity of the lien is dependent upon the date of completion of the work, a date which the parties dispute. They involve, rather, matters such as a waiver or a no-lien

clause in the underlying contract.* The question of when the work was completed, when that is crucial to the validity of the lien, is a question to be resolved at a trial on the merits. *Day v. Pennsylvania Railroad Co.,* 224 Pa. 193, 73 A. 206 (1909). It is quite clear, from what we have said earlier in this opinion, that the present record does not permit us to decide the issue the owner would have us decide. That issue is more properly decided, as the *Day* case illustrates, at the trial of an action to enforce a mechanics' lien claim rather than on objections to the claim itself. Although the resolution of this question by the taking of evidence at this stage of the proceedings may not be expressly forbidden under the present Mechanics' Lien Law, we seriously question whether it is the proper procedure given the dearth of authority supporting it. But more importantly, the procedure for resolving an issue of fact on a preliminary objection has not been followed here. According to *Molinaro and Son Inc. v. Miers,* 32 Lehigh L.J. (1967), an issue of fact raised by objection under section 1505 is to be resolved by the court on depositions taken by the objecting party previous to argument or else by testimony taken before the court on application and cause shown by the objecting party. That has not been done in this case. Instead, this court has been asked to resolve the question on the basis of an exhibit submitted by the owner which it cannot do.

The argument has been advanced that a mechanics' lien claim should be stricken if it pertains to work

* The Mechanics' Lien Law specifically states that these matters are to be raised and determined on preliminary objections, 49 Pa.C.S. §1505.

performed on a building completely destroyed by fire. If the premises on which the work was done had, in fact, been totally destroyed, that would be true. *Appeal of Wigton and Brook*, 28 Pa. 161 (1857); *Presbyterian Church v. Stettler*, 26 Pa. 246 (1856). This principle has, in fact, been codified in the current Mechanics' Lien Law at 49 Pa.C.S. §1305. However, it is not undisputed in this case that the entire premises have been destroyed. According to the claimant's brief, it was only Egidio's Restaurant, and not the adjacent Castle Motel, which was also part of the construction project, that was destroyed by fire on May 7, 1989. The owner on page 2 of its brief has admitted as much by stating that the restaurant (not the motel) was affected by the fire. A mechanics' lien covering work on two buildings is not lost by the destruction of one of these buildings, especially if it is only partly destroyed. *Linden Steel Co. v. Rough Run Manufacturing Co.*, 158 Pa. 238, 27 A. 895 (1893). *Montgomery v. Keystone Fibre Co.*, 1 Pa. Super. 261 (1896); *Fisher v. Groff, et al.*, 3 D.&C.2d 49 (1955). It is claimed in the claimant's brief, in addition, that the claimant, after the fire at the restaurant, boarded up the intact part of the building at the owner's request. If this should be the case, it would indicate even more strongly that the fire did not totally destroy the buildings on which the work was performed. In any event, we cannot conclude from this record that there is no longer any property to which a mechanics' lien can attach.

We, therefore, reach the conclusion, for all the reasons given above, that the preliminary objections to the mechanics' lien must be dismissed. At oral argument on these objections, the owner's attorney brought up

an additional matter not raised in the briefs: that, irrespective of whether the lien was timely filed, there was no timely complaint filed for the enforcement of the lien and that the lien should be dismissed for that reason. Under section 1701 of the Mechanics' Lien Law, an action to obtain judgment upon a claim filed must be commenced, in accord with the Pennsylvania Rules of Civil Procedure, within two years from the date of filing unless the owner has extended this time in writing. Given the recent decision of our Superior Court in *Tully Drilling Co. v. Shenkin*, 409 Pa. Super. 333, 597 A.2d 1230 (1991), there may be arguable merit to the owner's position. However, because the issue has not been properly brought before this court by a motion to strike the lien for failure to file an action for judgment (the procedure that was followed in the *Tully* case), we do not believe it would be proper to rule on it now. We will, therefore, reserve judgment on this point until the appropriate motion has been filed, briefed and argued. The only matter properly before us now are the preliminary objections to the lien. We have determined that they lack merit, and we will accordingly dismiss them.

## ORDER OF COURT

Now, March 17, 1992, the preliminary objections of the owner, Egidio's Inc., to the mechanics' lien claim of the claimant, G.E.M. Building Contractors and Developers Inc., are hereby dismissed. Said dismissal is without prejudice to the owner's right to file a motion to strike the lien for failure to comply with 49 Pa.C.S. §1701(b).