618 A.2d 956

**MELE CONSTRUCTION COMPANY, INC., Appellant,**

**v.**

**CROWN AMERICAN CORPORATION.**

Superior Court of Pennsylvania.

Argued July 28, 1992.

Filed Nov. 19, 1992.

Reargument Denied Jan. 29, 1993.

W. Boyd Hughes, Scranton, for appellant.

Arthur L. Piccone, Wilkes–Barre, for appellee.

Before MONTEMURO, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order granting preliminary objections in favor of appellee Crown American Corporation (hereinafter "Crown American" or "appellee") and against appellant Mele Construction Company, Inc. (hereinafter "Mele" or "appellant"). The lower court's order also granted appellee's motion to strike a mechanic's lien filed by Mele. For the reasons set forth below, we affirm.

The instant appeal stems from a dispute concerning the construction of the Viewmont Mall in Lackawanna County. As the trial court explained, Mele entered into five (5) written agreements with Crown American on July 10, 1990. Under these agreements, Mele agreed to provide labor, services and materials upon five parcels of land owned by Crown American "and more commonly described as the 'Viewmont Mall.'" Trial court opinion of 2/27/92 at 1. On June 30, 1991, Mele filed a mechanics' lien pursuant to the Mechanics' Lien Law of 1963, 49 P.S. § 1101 *et seq. Id.* Crown American responded with preliminary objections and a petition to strike the mechanics' lien on the grounds that Mele had entered into a stipulation against liens in conjunction with each of the agreements covering work on the Viewmont Mall property. The trial court sustained the preliminary objections on October 31, 1991. Mele thereafter filed a timely appeal with this court. Mele also filed a motion for reconsideration with the trial court, raising for the first time the issue of fraud in the inducement regarding the written agreements with Crown

American. The lower court denied Mele's motion for reconsideration.

Appellant has raised three issues for our consideration, whether the lower court erred in granting preliminary objections: (1) on the basis of a waiver of liens dehors the record; (2) without permitting discovery or conducting a hearing when there were "substantial factual issues" as to whether the waiver of liens refers to a particular parcel of land; and (3) when there were "substantial factual issues" regarding the enforceability of a waiver of liens due to fraud in the inducement. Appellee has filed a reply brief which directly responds to appellant's contentions on appeal. Additionally, Hartford Fire Insurance Company (hereinafter "Hartford") has filed an amicus brief on behalf of appellant. Hartford argues that the lower court erred in finding that appellee met its burden of clearly demonstrating that the waivers executed by Mele refer to the specific property against which Mele asserted its mechanics' lien claim. Hartford also contends that it was error to strike Mele's mechanics' lien in light of Mele's assertion of fraud in the inducement of the waiver. We shall consider these claims sequentially.

■ In the context of an order sustaining preliminary objections and granting a petition to strike a mechanics' lien, our scope of review is as follows:

A preliminary objection in the nature of a demurrer is an assertion that a pleading fails to set forth a cause of action upon which relief can be granted. The preliminary objection should be overruled if the allegations of the complaint state a cause of action under any theory of law. When reviewing the lower court's sustaining of a preliminary objection in the nature of a demurrer, all facts set forth in the challenged complaint must be accepted as true as well as all inferences reasonably deducible from these facts.

*Patrick McGuigan Roofing v. Kallman,* 405 Pa.Super. 586, 588, 592 A.2d 1368, 1369 (1991) (citations omitted). If the trial court has sustained preliminary objections challenging the validity of a mechanics' lien and has thereby effectively dismissed a suit or denied a claim, the order should be upheld

only in cases which are clear and free from doubt. *Id.*; *Chambers v. Todd Steel Pickling, Inc.,* 323 Pa.Super. 119, 124, 470 A.2d 159, 162 (1983).

When evaluating the grant of a motion to strike a mechanics' lien, the Superior Court must remain mindful of the fact that such a lien "is a creature of statute." *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa.Super. 250, 252, 592 A.2d 102, 102 (1991). "The Mechanics' Lien Law is to be given a strict construction because it is in derogation of the common law and provides a special remedy in favor of a unique class of creditors." *Id.,* 405 Pa.Super. at 253, 592 A.2d at 103. We agree with amicus curiae Hartford that we are not bound by the trial court's conclusions of law. *DeAngelo v. Fortney,* 357 Pa.Super. 127, 129, 515 A.2d 594, 594 (1986). However, we note that upon the sustaining of preliminary objections, "a reviewing court must regard as true all well pleaded facts and the *reasonable inferences deducible therefrom.*" *Id.* (quoting *Klein v. Raysinger,* 504 Pa. 141, 144, 470 A.2d 507, 508 (1983) (emphasis added)).

Appellant's first argument is two-fold. Appellant initially contends that appellee's preliminary objections were not properly before the trial court and secondly that the five no-lien stipulations titled "Contractor's Waiver of Liens Agreement" were dehors the record and thus could not be considered by the trial court. The Mechanics' Lien Law of 1963 specifically authorizes the filing of preliminary objections:

### Procedure for contesting claim; preliminary objections

Any party may preliminary object to a claim upon a showing of *exemption or immunity of the property from lien,* or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

49 P.S. § 1505 (emphasis added). Appellant, without citing any direct authority for the proposition, has argued that the terms "exemption" and "immunity" in section 1505 directly relate to section 1303 of the Mechanics' Lien Law which specifies five sets of circumstances under which mechanics' liens may not be filed. *See* 49 P.S. § 1303 (Lien not allowed in certain cases). Under appellant's theory, section 1505 would permit preliminary objections to be filed only in relation to exemptions and immunities already granted by section 1303. Absent compelling authority requiring us to adopt appellant's novel interpretation of the Mechanics' Lien Law, we decline to go against the plain language of the statute which permits preliminary objections to be filed by any party who can demonstrate that the property in question is subject to some type of exemption or immunity from lien.[1] On its face, section 1505 is simply not limited to those categories of exemption or immunity delineated by section 1303. *See also Q–Dot, Inc. v. Atlantic City Electric Co.*, 289 Pa.Super. 155, 432 A.2d 1098 (1981) (ruling by implication that preliminary objections to a mechanic's lien filed under section 1505 were properly before the trial court although not based on a claim cognizable under section 1303).

The second half of appellant's initial argument is that the trial court improperly considered matters dehors the record when addressing appellee's preliminary objections. Specifically, appellant contends that the five "waiver of liens agreements" signed by officers of Mele Construction Company are not part of the official record in the instant case. Thus, according to appellant, the waiver of liens agreements were not properly before the trial court. Our inspection of the record certified to this court belies appellant's contention.

█ Crown American filed a document titled "Defendant's Preliminary Objections and Motion to Strike Claimant's Mechanics' Lien Claim" which was docketed August 21, 1991.

1. We are cognizant of the fact that appellant has cited authority which would seemingly bolster his contentions. However, the appellate cases cited were either decided before the enactment of the Mechanics' Lien Law of 1963, or concern factual scenarios played out prior to the effective date of this law.

Appended to this document as "Exhibit A" are copies of the contractor's waiver of liens agreement which appellant incorrectly alleges were never properly presented to the trial court. As the waiver of liens agreements were actually made part of the official lower court record, the matter contained therein was *not* dehors the record and the trial judge was free to consider this information in ruling on appellee's preliminary objections. *See Q–Dot, Inc. v. Atlantic City Electric Co.,* *supra* (information in waiver of liens provisions incorporated as part of official trial court record could be considered by lower court when ruling on preliminary objections to mechanics' lien claim); *John B. Kelly, Inc. v. Phoenix Plaza, Inc.,* 249 Pa.Super. 413, 378 A.2d 363 (1977) (preliminary objections may be used to raise the issue of a waiver of liens agreement which has been made part of trial court record). *See also Martin v. PennDOT,* 124 Pa.Commw. 625, 556 A.2d 969 (1989) (defendant may properly annex copies of written agreements and appendages thereto where plaintiff avers existence of written agreement and relies upon it to establish his cause of action).

■ In this context, amicus curiae Hartford explains that the lower court was empowered under the Mechanics' Lien Law to take evidence to resolve the factual disputes raised by the preliminary objections. This is true. However, both appellant and Hartford appear to believe that a trial court *must* supplement the pleadings once a defendant files preliminary objections. This is not true. "If an issue of fact is raised in such objections, the court *may* take evidence by deposition or otherwise." 49 P.S. § 1505 (emphasis added). Nothing in section 1505 *requires* a trial court to either hold a hearing or to solicit depositions.

■ Appellant next argues that the trial court erred by granting appellee's preliminary objections without permitting discovery or conducting a hearing because there are "substantial factual issues" concerning the waiver of liens agreements. Specifically, appellant questions whether the parcels of land covered by the waiver of liens agreements to which appellee's filings refer were identified for the trial court with sufficient

particularity. This court has explained that the party assert-
ing waiver of a mechanics' lien "must clearly prove its exis-
tence." *Patrick McGuigan Roofing v. Kallman*, 405 Pa.Su-
per. at 588, 592 A.2d at 1369. However, there is no prescribed
formula for identification of the situs covered by a waiver of
liens; the document barring liens must merely contain suffi-
cient information to provide notice to a contractor or subcon-
tractor that the location involved is in fact the one for which
he or she supplied material and/or labor. *Id.*, 405 Pa.Super. at
589, 592 A.2d at 1369.

    ■ It appears to be appellant's theory that only a metes
and bounds description can provide a sufficiently clear identifi-
cation to form the basis of a waiver of liens agreement for a
particular work site. This is a misreading of *Patrick McGui-
gan Roofing, supra,* which simply recognizes that one method
of describing a location with particularity is via the legal
description in a deed. Nothing in that case even implies that
*only* a metes and bounds description will suffice.

    Mindful of the appropriate standard of review previously set
forth, we have carefully inspected the record certified to this
court. The five "contract purchase orders" into which Mele
entered plainly identify the situs of Mele's work for Crown
American as "Viewmont Mall Expansion and Renovation."
Furthermore, the contractor's waiver of liens agreements,
which were signed by an officer of Mele Construction Compa-
ny and which are part of the certified record, specifically and
explicitly indicate that they pertain to the "Viewmont Mall
Expansion." We agree with appellant that each waiver of
liens agreement refers to the fact that the situs of the
"Viewmont Mall Expansion" is further identified as "real
estate described in Exhibit 'B'." This exhibit, which purport-
edly comprises a metes and bounds description of the job site,
was apparently attached to each original waiver document.
For whatever reason, neither party introduced a copy of
"Exhibit 'B' " into the trial court record which was ultimately
certified to this court.[2]

2. It is well settled that the Superior Court cannot consider evidence
which has not been made a part of the certified record. *See, e.g., Frank*

·The five waiver of liens agreements in the certified record clearly and plainly specify that Mele Construction Company waived all rights to file any mechanics liens in connection with work performed for Crown American on the Viewmont Mall Expansion and Renovation. Appellant has not alleged that the construction work which provides the basis for its mechanics' lien claims was performed for Crown American in conjunction with any project other than the Viewmont Mall Expansion. Appellant merely contends that the metes and bounds description allegedly contained in the missing "Exhibit 'B' " fails to enclose all the land on which the Viewmont Mall Expansion has been constructed. Under these circumstances, we see no indication that there is any true controversy between the parties regarding the location of the work site covered by the waiver of liens agreements. Accordingly, we find no basis on which to overturn the decision of the trial court.[3]

The final issue raised by appellant is that the trial court erred in granting appellee's preliminary objections despite the existence of a substantial factual dispute concerning the enforceability of the waiver of liens agreements due to fraud in the inducement committed by Crown American. Appellant did not raise this claim in its original filing. It appears that appellant was unable to discern the existence of the alleged fraud until after the trial court granted appellee's preliminary objections on October 31, 1991. Appellant filed a motion for

v. Frank, 402 Pa.Super. 458, 587 A.2d 340 (1991) (for purposes of appellate review, that which is not of record does not exist).

3. We are cognizant of appellant's argument that our holding in John B. Kelly, Inc. v. Phoenix Plaza, Inc., 249 Pa.Super. 413, 378 A.2d 363 (1977) would compel the trial court in the instant case to hold a hearing before striking the mechanics' lien claim. In John B. Kelly, Inc., the parties entered into two contracts: one which contained a waiver of liens agreement and one which incorporated no such provision. The plaintiff in John B. Kelly, Inc. alleged that the second contract had replaced the original contract and therefore the original waiver provision was null and void. In that case, Superior Court remanded for a determination of whether the original waiver agreement had been invalidated. Appellant has not alleged the existence of contracts in the instant case which omit the waiver of liens provision. The ruling in John B. Kelly, Inc. is therefore inapposite to the facts of the case sub judice.

reconsideration on November 18, 1991 raising the question of fraud in the inducement for the first time.

■■■■■ Pennsylvania law is clear that fraud may invalidate even a recorded waiver of lien agreement, at least as between the signatories to the waiver. *Stringert & Bowers, Inc. v. On–Line Systems, Inc.*, 236 Pa.Super. 196, 200–01, 345 A.2d 194, 196 (1975). In *Stringert*, this court followed the standard for determining the existence of fraud in a mechanics' lien context which was established by the Pennsylvania Supreme Court *prior* to the enactment of the Mechanics' Lien Law of 1963. *Id.* A waiver of liens is not valid as between the contractor and a fraudulent owner "where the contract is made in bad faith for the purpose of misleading and defrauding subcontractors and materialmen. . . ." *Id.*, 236 Pa.Super. at 200, 345 A.2d at 196 (quoting *Toll v. Beckerman*, 299 Pa. 1, 7, 148 A. 904, 905 (1930)).

■■■■ In Pennsylvania, the courts have traditionally held that a plaintiff must establish five elements in order to demonstrate the existence of fraud: (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as the proximate result. *Brindle v. West Allegheny Hospital*, 406 Pa.Super. 572, 574, 594 A.2d 766, 768 (1991). The second element refers to the intent or scienter required for an utterance to be considered fraudulent. *Id.*

This intent has been characterized as knowing or reckless, and applies when the maker of the utterance knows or believes that the matter is not as he or she represents it to be, does not have the confidence in the accuracy of the representation that is stated or implied, or knows that there is not the basis for the representation that is stated or implied."

*Id.*, 406 Pa.Super. at 574–75, 594 A.2d at 768. Our scrutiny of the information presented to the lower court discloses that

appellant has not addressed the scienter requirement necessary to show fraud.

Appellant hypothesizes that, despite appellee's assurances to the contrary, Crown American never possessed adequate financing for the Viewmont Mall expansion project. If true, appellee would have made a misrepresentation and thus the first element of fraud would be satisfied. However, appellant is still required to show that at the time it was made, the misrepresentation was uttered under the knowledge or belief that it was false, that its maker had no confidence in the accuracy of the representation, or knew that there was no factual basis for the representation. *Id.*

Appellant's entire allegation of fraud in its motion for reconsideration consists of the following statements:

10. There is substantial evidence that the alleged lien waivers were procured through misrepresentations by Crown American about project financing. For this reason, the enforceability of the lien waivers cannot be determined on preliminary objections. The waiver is invalid due to fraud in its inducement.

11. This motion is supported by a *Memorandum* and by the *Affidavits* of John Mele, Sylvio Mele and Bert Occulto, all of which are incorporated by reference herein.

Motion for reconsideration filed November 18, 1991 at 3 (emphasis in original). The memorandum in support of reconsideration filed by appellant merely states that in retrospect, certain statements made by appellee "no longer appear to be true." Memorandum in Support of Claimant's Motion for Reconsideration filed November 18, 1991 at 8. The closest approach appellant made to addressing the question of the intent behind appellee's statement occurred in the affidavit of John Mele which contains the following allegation: "Based upon what I have learned since the execution of the contract agreements in September 1990, I do not believe that Crown American ever had the 'monies ... in place ...' to pay Mele for its work." Affidavit filed November 18, 1991 (ellipsis in

original). These averments simply do not rise to the level necessary to demonstrate the second element of fraud.

Both the appellant's brief filed by Mele and the amicus brief filed by Hartford discuss the elements of fraud somewhat more fully than did the filings presented to the trial court. However, these briefs still lack the required specificity. We note, moreover, that are not free to consider matters which are in essence raised for the first time on appeal. Pa.R.A.P., Rule 302(a). Under these circumstances, there is simply no basis on which we may overrule the trial court.

Order affirmed.

FORD ELLIOTT, J., files a dissenting statement.

FORD ELLIOTT, Judge, dissenting:

I respectfully dissent to that part of the majority's opinion which holds that the waiver of liens agreement was clear as to precisely how much and what land was contemplated by the agreement.

The majority notes on pages 960 and 961 of its opinion that the basis of appellant's argument, the so-called "Exhibit B," which allegedly limited the waiver of liens to some plot of land somewhat smaller than the entire Viewmont Mall project, was never introduced into the official record. The majority correctly recites the rule that we may not consider evidence not made a part of the record. However, we find other evidence which is of record that at least presents the issue that the waiver of liens agreement is ambiguous in scope. Specifically, the "Defendant's Brief in Reply to Claimant's Brief in Opposition to Preliminary Objections" admits that "the entire tract of land for the Viewmont Mall inadvertently was not included in the legal descriptions for the stipulations against liens." Additionally, the Stipulation of Counsel signed by both sides clearly implies that there was some amount of land to which appellant was entitled to a lien and to which appellant had not granted a waiver.

While the evidence which is of record is insufficient for us to broadly rule in appellant's favor, it should at least permit

appellant to survive preliminary objections. I would remand for a hearing to determine exactly what land was described and contemplated by the parties in the execution of the waiver of liens.