528 A.2d 248

**SULLIVAN CONSTRUCTION COMPANY, INC., Appellant,**

**v.**

**HISTORICAL ARCH STREET DEVELOPMENT ASSOCIATES, Appellee.**

Superior Court of Pennsylvania.

Argued March 11, 1987.

Filed July 13, 1987.

Mark B. Herrera, Philadelphia, for appellant.

John J. Rendemonti, Devon, for appellee.

Before CIRILLO,* President Judge, and McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County sustaining appellee's preliminary objections to appellant's mechanic's lien claim. The court of common pleas found that appellant had waived its right to file such a claim and, accordingly, struck the lien. We affirm.

On January 31, 1986, appellant Sullivan Construction Company, as general contractor, filed a mechanic's lien against certain premises owned by appellee, Historical Arch Street Development Associates. Appellant had performed labor and furnished materials pursuant to a contract be-

* President Judge Cirillo, replaced the deceased Justice Roberts.

tween the parties. On March 17, 1986, appellant filed a complaint upon the lien. Appellee filed preliminary objections to the complaint and alleged, *inter alia,* that appellant had signed a waiver of mechanic's lien dated May 23, 1985. A copy of the waiver was attached to the preliminary objections thereby making it a part of the record. Appellant responded to the preliminary objections and admitted the execution of the waiver. Appellant denied, however, that the waiver was ever delivered to appellee. Appellant asserted that, because there was no delivery of the original of the waiver agreement, "there was never any intent to waive and relinquish all rights to file a mechanic's lien." Appellant's Answer to Preliminary Objections ¶ 9. The court of common pleas, as do we, rejected this argument.

This appeal raises two issues: (1) whether nondelivery of the original of a validly executed waiver of lien renders the waiver invalid and unenforceable; and (2) whether the court of common pleas prematurely struck the mechanic's lien prior to the taking of depositions.

The Mechanic's Lien Law of 1963, 49 Pa.S.A. § 1505, provides that:

> [a]ny party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien.... The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise....

*See also Mar Ray, Inc. v. Schroeder,* 242 Pa.Super. 14, 363 A.2d 1136 (1976) (a waiver of liens issue may be raised preliminarily as long as the waiver is made part of the record).

■ The party asserting a waiver of liens in order to defeat a claim must clearly prove the existence of the waiver. *Clayton v. Lienhard,* 312 Pa. 433, 167 A. 321 (1933). Appellee has met its burden by making part of the record a copy of the written waiver of lien, dated May 23,

1985, and signed by the president of appellant company. The waiver conformed to the statutory requirements outlined in 49 Pa.S.A. § 1401, which provides that

[a] contractor ... may waive his right to file a claim by a written instrument signed by him....

█ We accept, as we must,[1] that appellant executed the waiver of liens but never delivered it. We are not persuaded by appellant's argument that nondelivery renders a waiver invalid. Appellant has presented no authority to support its argument. The statute, 49 Pa.S.A. § 1401, requires only that the waiver agreement be written and signed by the contractor. The agreement in the case before us conforms to these requirements and is therefore valid. We see no reason to require any other proof of appellant's intent to waive the right to file a lien.

Having determined that the court correctly found delivery of the waiver agreement to be irrelevant to the issue of the waiver's validity, we conclude that the court did not act prematurely when it struck the mechanic's lien. There was no disputed issue of fact upon which to take evidence by deposition or otherwise. *See* 49 Pa.S.A. § 1505.[2]

Order affirmed.

1. When we review preliminary objections in the nature of a demurrer, we accept as true all of plaintiff-appellant's well-pleaded facts. *Kyle v. McNamara & Criste,* 506 Pa. 631, 634, 487 A.2d 814, 816 (1985).

2. On appeal, appellant argues that it "was entitled to prove its allegations and should have been afforded the opportunity to take depositions or other discovery to disclose the underlying fraud and deceit which had given rise to the copy of waiver of liens submitted by [appellee]." Appellant's Brief at 8. However, appellant did not raise the issue of fraud in its answer to preliminary objections. Rather, it merely alleged that the original waiver agreement was executed by it but never delivered. Therefore, appellant asserted, "there was never any intent to waive or relinquish all rights to file a mechanic's lien." Answer ¶ 9. Appellant may not raise arguments on appeal that were not set out in either its complaint or in its answer to preliminary objections. *See Kenworthy v. Burghart,* 241 Pa.Super. 267, 270, 361 A.2d 335, 337 (1976), *appeal dismissed,* 478 Pa. 20, 385 A.2d 975 (1978). Moreover, averments of fraud must be alleged with particularity. *See* Pa. R.C.P. 1020(b). Appellant has failed to do this.