## Handman v. Greco

*Charles A. Shaffer,* for plaintiff.
*Ronald V. Santora,* for defendants.

AUGELLO, *J.,* May 4, 1990 — The claimant (plaintiff), Carl J. Handman, filed a mechanic's lien claim on December 18, 1989.

As a result of a praecipe filed by the owners (defendants), Victor F. Greco and Thom Greco, t/a Phoenix Estates, the said claimant filed a complaint on March 5, 1990. The said owners filed preliminary objections to the complaint on March 19, 1990.

Further, on March 21, 1990, the Luzerne County Court through the Honorable Judge Patrick J. Toole has refused a petition filed by the said claimant to stay the above-captioned matter because of purported arbitration proceedings between the parties.

The owners' preliminary objections are in the nature of a demurrer and motion to strike.

The owners' demurrer alleges that the claimant is an architect and that his complaint with exhibit, as a matter of law, does not qualify him as a person entitled to perfect a mechanics' lien under the Mechanics' Lien Act of 1963, as amended, namely section 1201(4) as found in 49 P.S.

The owners' preliminary objections in the nature of a motion to strike allege the same contention.

This court has the benefit of briefs submitted by the parties, together with oral argument.

The complaint alleges that the said Carl J. Handman is an architect who entered into a written contract with the owners pertaining to a project known as the Phoenix Plaza Office Building in Wilkes-Barre, Luzerne County, Pennsylvania.

The issue before this court is whether or not the said Carl J. Handman qualifies as a contractor

under the definition of same as set forth in section 1201(4) of the said Mechanics' Lien Law.

The said act defines a contractor as follows:

" 'Contractor' means one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. *The term also includes an architect or engineer who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair."* (emphasis supplied)

The Pennsylvania Rules of Civil Procedure provide for the commencement of an action upon a mechanics' lien by filing a complaint and that the procedure to obtain judgment shall be in accordance with the rules relating to a civil action. See Pa.R.C.P. 1651 and 1653. That is, of course, after the claimant has filed his mechanics' lien claim.

The claimant, as aforesaid, filed his mechanics' lien claim on December 18, 1989. The owners are entitled under the said Mechanics' Lien Law of 1963 to file preliminary objections to the claim. Since the parties hereto have not objected to any procedural irregularities, in the interest of judicial economy we will decide the said preliminary objections based on the pleadings filed in this case, the briefs and oral argument of the parties. See *Lisk Plumbing and Heating Co. v. Schons,* 283 Pa. Super. 344, 423 A.2d 1288 (1981).

As previously cited, the said Mechanics' Lien Law does permit an architect to file a mechanics' lien if

he can show compliance with section 1201 of the Mechanics' Lien Law as set forth in 49 P.S., as aforesaid.

Thus, there is no question that an architect can file and perfect a mechanics' lien provided that by contract, express or implied, he also superintends or supervises any erection, construction, alteration or repair of a building project.

The claimant's complaint alleges he performed inspection duties in conjunction with his responsibilities and "services" pursuant to the agreement of the parties.

The claimant has further attached and made part of his complaint the written agreement between the parties which is dated November 19, 1987.

The said agreement provides in Article 2, (2.4.4) that the architect shall be a representative of and advise and consult with the owners during construction and in Article 2, (2.4.5) shall visit the site at intervals to become generally familiar with the quality and progress of the work and to determine in general if the work is being performed in accordance with the contract documents. While the said section 2.4.5 does not require the architect to make exhaustive or continuous inspections, it requires the architect to "keep the owner informed of the progress and quality of the work and the architect shall endeavor to guard the owner against defects and deficiencies in the work."

The architect further is required based on his "observations and evaluations" to review the contractors' applications for payment and certify same for payment to the owners. The architect also has the authority to "reject work which does not conform to the contract documents." See agreement, Article 2, §§2.4.7, 2.4.8, 2.4.9 and 2.4.10.

It is clear to this court that the claimant's complaint with the attached exhibit clearly brings him within the ambit of section 1201(4) of the Mechanics' Lien Law.

The owners' reliance on Article 2, 2.4.6, of the agreement between the parties is totally misplaced. That section, in effect, simply does not make the architect an agent for or responsible for the contractors's legal obligations.

Since, the owners have raised the same arguments as it pertains to both preliminary objections, we will decide same separately but with the same result.

The law is absolute that a demurrer admits every well pleaded fact set forth in the complaint as well as all inferences reasonably deduced from the complaint. If there is any doubt, that doubt should be resolved in overruling the demurrer. See *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976).

In acting upon preliminary objections concerning a mechanic's lien claim, our appellate court has held it is analogous to sustaining preliminary objections in a civil lawsuit. Accordingly, it has been held in such cases:

" '[W]hen the sustaining of preliminary objections will result in a denial of claim, or a dismissal of suit, preliminary objections should be sustained only in cases which are clear and free from doubt. . .' " See *Chambers v. Todd Steel Pickling Inc.,* 323 Pa. Super. 119, 124, 470 A.2d 159, 162 (1983).

It has been held that a motion to strike is not the appropriate method of determining the merits of the controversy. See Standard Pennsylvania Practice 2d, Vol. 20, §105.169. We further find the said claimant's complaint and claim show on their faces

that they are authorized by statute and are not in violation of any statute or Rule of Civil Procedure.

Therefore, we will not sustain the owners' preliminary objections.

The claimant will be permitted to proceed with his claim and the owners will be permitted to file an answer to the complaint of the claimant within 30 days of this order.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed:

(1) That defendants' preliminary objections in the nature of a demurrer are denied.

(2) That defendants' preliminary objections in the nature of a motion to strike are denied.

(3) That defendants are granted 30 days from the date of this order to file an answer to plaintiff's complaint.

(4) That the prothonotary of Luzerne County is directed to send copies of this order and opinion to all counsel of record pursuant to Pa.R.C.P. 236.